IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

MARTHA WILLIS, INDIVIDUALLY AND
AS MOTHER AND NEXT FRIEND OF
JALESSA WILLIS, A MINOR,                                         PLAINTIFF,

VS.                                         CIVIL ACTION NO. 2:07CV62-P-A

KIA MOTORS CORPORATION, ET AL.,                                  DEFENDANTS.

## MEMORANDUM OPINION

This matter comes before the court upon Plaintiff's Amended Motion to Remand [15]. After due consideration of the motion and the responses filed thereto, the court is prepared to rule.

### I. FACTUAL BACKGROUND

The plaintiff, a resident of Mississippi, filed the instant automobile product liability action on March 8, 2007 in the Circuit Court of Tallahatchie County, Mississippi. The lawsuit involves a vehicular accident in which Jalessa Willis was seriously injured when the subject 2001 Kia Sportage's seatbelt allegedly malfunctioned. Defendant Kia Motors America, Inc. removed this action to federal court on April 9, 2007 asserting diversity jurisdiction. Kia argues that the sole Mississippi defendant, WWD Automobiles, Inc. d/b/a Tom Wadler Auto Group, was improperly joined as a defendant because there is no reasonable possibility of recovery against the resident dealership given they are an "innocent seller" as contemplated by the current version of Miss. Code Ann. § 11-1-63.

On May 8, 2007 the plaintiff filed her motion to remand to state court. On May 9, 2007 she filed her amended motion to remand wherein she argues that the "innocent seller" doctrine of § 11-1-63, as amended and effective after September 1, 2004, does not apply to the resident dealership in

1

this instance because the plaintiff has asserted a breach in the implied warranty of merchantability against the dealership which does not involve the product liability statute § 11-1-63. The defendants argue that such an interpretation would render § 11-1-63, as amended, meaningless and was not the intent of the Mississippi Legislature as evidenced by its statement in § 11-1-63(h) that: "It is the intent of this section to immunize innocent sellers who are not actively negligent, but instead are mere conduits of a product."

## II. DISCUSSION

### A. Improper Joinder

The burden in this case is upon the defendants to persuade the Court of improper joinder. *Hart v. Bayer Corp.*, 199 F.3d 239, 246 (5th Cir. 2000) This burden is a heavy one. *Id*. Furthermore, when dealing with an improper joinder claim the court should not focus on who will ultimately prevail in the action. *Reed v. American General Life & Accident Ins. Co.*, 192 F.Supp.2d 641 (N.D. Miss. 2002). When moving for remand the plaintiff's burden is "much lighter" than that necessary with summary judgment. *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 550 (5th Cir. 1981).

There are two ways in which the defendants can establish fraudulent joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003). Since there is no dispute that the resident defendant is indeed a resident of Mississippi, the second test applies in the instant case.

With regard to the second test, the Fifth Circuit in *Smallwood v. Illinois Central Railroad Company*, 385 F.3d 568, 573 (5th Cir. (Miss.) 2004) (en banc) wrote:

[T]he test for fraudulent joinder is whether the defendant has demonstrated that there

is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant. To reduce possible confusion, we adopt this phrasing of the required proof and reject all others, whether the others appear to describe the same standard or not.

*Id.* (citing *Travis*, 326 F.3d at 646-7).

**B. Analysis**

The Complaint does not delineate any specific wrongdoing on the part of the resident dealership with regard to the subject vehicle and its seat belt. Furthermore, it is undisputed that the dealership performed no repair work on the subject seat belts. Nevertheless, the plaintiff argues that an allegedly malfunctioning seatbelt violates the implied warranty of merchantability found in Miss. Code Ann. § 75-2-314 and such a claim which is not barred by § 11-1-63's "innocent seller" provisions.

With regard to the implied warranty of merchantability, Miss. Code Ann. § 75-2-314, effective July 1, 1998, provides in pertinent part:

> (1) ...[A] warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind. ...
>
> (2) Goods to be merchantable must be at least such as:
>
> (a) Pass without objection in the trade under the contract description; and
> (b) In the case of fungible goods, are of fair average quality within the description; and
> (c) Are fit for the ordinary purposes for which such goods are used; and
> (d) Run, within the variations permitted by the agreement, of even kind, quality and quantity within each unit and among all units involved; and
> (e) Are adequately contained, packaged and labeled as the agreement may require; and

(f) Conform to the promises or affirmations of fact made on the container or label if any.
\*\*\*

After efforts to reform Mississippi's tort law, the Mississippi Legislature amended the product liability statute, Miss. Code Ann. § 11-1-63, effective September 1, 2004. Section 11-1-63, also known as the Mississippi Product Liability Act (MPLA) applies to "any action for damages caused by a product except for commercial damage to the product itself." Miss. Code Ann. § 11-1-63. Section 11-1-63(h) provides:

> In any action alleging that a product is defective pursuant to paragraph (a) of this section, the seller of a product other than the manufacturer shall not be liable unless the seller exercised substantial control over that aspect of the design, testing, manufacture, packaging or labeling of the product that caused the harm for which recovery of damages is sought; or the seller altered or modified the product, and the alteration or modification was a substantial factor in causing the harm for which recovery of damages is sought; or the seller had actual or constructive knowledge of the defective condition of the product at the time he supplied the product. It is the intent of this section to immunize innocent sellers who are not actively negligent, but instead are mere conduits of a product.

The plaintiff cites *Beck Enterprises, Inc. v. Hester*, 512 So.2d 672 (Miss. 1987) for the proposition that § 75-12-314 applies to the sale of used automobiles. She further cites *Bennett v. Madakasira*, 821 So.2d 794, 808 (Miss. 2002) for the proposition that "the MPLA does not abrogate a statutory cause of action for breach of implied warranty as grounds for recovery." The Court in *Bennett* also observed: "Generally speaking, 'a new statute will not be considered reversing long-established principles of law and equity unless the legislative intention to do so clearly appears.'" *Id*. (quoting *Thorp Comm. Company v. Miss. Road Supply Co.*, 348 So.2d 1016, 1018 (Miss. 1997)).

However, the decisions in *Beck Enterprises* and *Bennett* were decided before the current

version of § 11-1-63 became effective in September 1, 2004. Furthermore, the legislative intent behind its amendment of § 11-1-63 is abundantly clear in the statutory language itself: "It is the intent of this section to immunize innocent sellers who are not actively negligent, but instead are mere conduits of a product." Miss. Code Ann. § 11-1-63(h).

Since the plaintiff in this case has not alleged any specific wrongful conduct by the resident dealership and since it is undisputed that the dealership never worked on the subject seatbelt, it is readily apparent that the plaintiff is attempting to hold the dealership liable simply by virtue of being a seller of the subject vehicle by asserting a claim for breach of the implied warranty of merchantability – all to circumvent the innocent seller provision of § 11-1-63(h). However, since the current version of § 11-1-63 was effective September 1, 2004 and states that it applies to "any action for damages caused by a product except for commercial damage to the product itself," and the implied warranty of merchantability statute was effective on July 1, 1998, the court concludes that there is no reasonable possibility of recovery against the resident dealership for the breach of the implied warranty of merchantability given the language in § 11-1-63(h).

### III. CONCLUSION

For the reasons discussed above, the court concludes that Plaintiff's Amended Motion to Remand [15] should be denied because Defendant WWD Automobiles, Inc. d/b/a Tom Wadler Auto Group was improperly joined. Thus, the plaintiff's claims against Defendant WWD Automobiles, Inc. d/b/a Tom Wadler Auto Group should be dismissed with prejudice. Accordingly, an Order shall issue forthwith,

**THIS DAY** of June 26, 2007.

                                                /s/ W. Allen Pepper, Jr.
                                                W. ALLEN PEPPER, JR.
                                                UNITED STATES DISTRICT JUDGE