IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

MARTHA WILLIS, Individually, and
as Mother and Next Friend of
JALESSA WILLIS, a Minor,                                                PLAINTIFF,

VS.                                                     CIVIL ACTION NO. 2:07CV062-P-A

KIA MOTORS CORPORATION and
KIA MOTORS AMERICA, INC.,                                              DEFENDANTS.

### ORDER

These matters come before the court upon the defendants' motion for summary judgment [208] and motion to try compensatory damages and punitive damages in a single phase [264]. After due consideration of the motions and the responses filed thereto, the court finds as follows, to-wit:

In her brief, the plaintiff withdrew her manufacturing defect, inadequate warning, and express warranty claims. Accordingly, those claims will be dismissed with prejudice.

However, after considering the facts in a light most favorable to the plaintiff, and after denying, for the most part, the defendants' motions to exclude the testimony of the plaintiff's experts, the court concludes that the defendants have not established that there is no genuine issue of material fact on the plaintiffs's remaining claims.

With regard to the defendant's motion to try the compensatory damages and punitive damages in a single phase, the court agrees that the Fifth Circuit's decision in *Rosales v. Honda Motor Company, Ltd.*, 726 F.2d 259 (5th Cir. 1984) heavily supports the proposition that the requirement of bifurcation pursuant to Miss. Code Ann. §11-1-65 is a procedural issue and that therefore a federal court in Mississippi has the discretion, pursuant to Fed. R. Civ. P. 42(b), to determine whether a trial should be bifurcated. However, the court declines to grant the defendants'

motion and exercises its discretion to bifurcate pursuant to §11-1-65.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) The defendants' motion for summary judgment [208] is **GRANTED IN PART AND DENIED IN PART**; specifically,

(2) The motion should be granted as to the plaintiff's manufacturing defect, inadequate warning, and express warranty claims, therefore, those claims are **DISMISSED WITH PREJUDICE**;

(3) The motion should be denied as to the plaintiff's remaining claims; and

(4) The defendants' motion to try compensatory damages and punitive damages in a single phase [264] is **DENIED**.

**SO ORDERED** this the 8th day of July, A.D., 2009.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE