**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**DELTA DIVISION**

MARTHA WILLIS, Individually, and
as Mother and Next Friend of
JALESSA WILLIS, a Minor,                                            PLAINTIFF,

VS.                                                 CIVIL ACTION NO. 2:07CV062-P-A

KIA MOTORS CORPORATION and
KIA MOTORS AMERICA, INC.,                                          DEFENDANTS.

**ORDER**

This matter comes before the court upon the plaintiff's motion to exclude the testimony and opinions of the defendants' causation expert Alfred P. Bowles, M.D. [204]. After due consideration of the motion and the response filed thereto, the court finds as follows, to-wit:

In this case the plaintiff seeks compensatory and punitive damages, arguing that the seatbelt and door latch of the subject 2001 Kia Sportage were negligently and defectively designed because Jalessa Willis was ejected from the vehicle in a roll-over despite the fact she was wearing her seatbelt. In other words, the plaintiff argues that the seatbelt and the door latch were defective because had the seatbelt worked correctly and/or if the door had not come open during the roll, Jalessa would not have been ejected from the vehicle, causing her to be paralyzed from the navel down.

The plaintiff's causation expert, Joseph L. Burton, M.D., opines that the plaintiff received her spinal injury after being ejected from the subject vehicle at the conclusion of the rollover. The defendants' causation expert, Dr. Bowles, opines that the plaintiff received her spinal injury while inside the vehicle, as evidenced, the defendants argue, by the testimony of two eye-witnesses and the fact the seat rails were bent. During his deposition, in response to Dr. Bowles's opinion, Dr.

1

Burton offered an alternative theory based on the assumption that the plaintiff received her spinal injury inside the vehicle.

After having considered the parties' briefs, the court proceeds to exercise its gate-keeping function.

Fed. R. Evid. 702 provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Ultimately, the district court must "ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." *Daubert v. Merrell Dow Pharmaceuticals., Inc.*, 509 U.S. 579, 589 (1993). Under the familiar *Daubert/Kumho* standards and their progeny, it is not the court's duty to determine in a motion in limine to exclude an expert's testimony whether the expert in question is correct. This decision falls squarely within the province of the jury. Essentially, the court is the gate-keeper charged with determining whether the expert's testimony is reliable and relevant enough to not be junk science or mere paid-for opinions.

"[A] trial judge *may* consider one or more of the more specific factors that *Daubert* mentioned when doing so will help determine that testimony's reliability ... the test of reliability is 'flexible,' and *Daubert*'s list of specific *factors neither necessarily nor exclusively applies to all experts or in every case.*"*Kumho*, 526 U.S. at 141 (1999) (emphasis in original). "The trial court must have the same kind of latitude in deciding *how* to test an expert's reliability, and to decide whether or when special briefing or other proceedings are needed to investigate reliability, as it enjoys when it decides *whether or not* that expert's relevant testimony is reliable." *Kumho*, 526 U.S.

2

at 152.

The district court has wide discretion in determining the admissibility of expert testimony, and its decision will be disturbed only for abuse of discretion. *Moore v. Ashland Chem. Inc.*, 151 F.3d 269, 274 (5th Cir. 1998).

In the instant motion, the plaintiff essentially argues that Dr. Bowles's opinions should be excluded because he has not stated to a reasonable degree of certainty exactly when the plaintiff received her injury. The plaintiff has not challenged the qualifications of Dr. Bowles, nor has she challenged his methodology. The defendants counter that Dr. Bowles opines that the injury occurred near the end of rolls two and three and that these impacts were strong enough to have led to the plaintiff's spinal compression.

The court concludes that the plaintiff's argument goes to weight and not admissibility.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the plaintiff's motion to exclude the testimony and opinions of the defendants' causation expert Alfred P. Bowles, M.D. [204] is **DENIED**.

**SO ORDERED** this the 8th day of July, A.D., 2009.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE