# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

MARTHA WILLIS, Individually, and
as Mother and Next Friend of
JALESSA WILLIS, a Minor,                                               PLAINTIFF,

VS.                                                               CIVIL ACTION NO. 2:07CV062-P-A

KIA MOTORS CORPORATION and
KIA MOTORS AMERICA, INC.,                                         DEFENDANTS.

## ORDER

This matter comes before the court upon the plaintiff's motion *in limine* to exclude any reference to any collateral sources [242]. After due consideration of the motion and the response filed thereto, the court finds as follows, to-wit:

The collateral source rule states that "[c]ompensation or indemnity for the loss received by plaintiff from a collateral source, wholly independent of the wrongdoer, as from insurance, cannot be set up by the [defendant] in mitigation or reduction of damages." *Burr v. Mississippi Baptist Medical Center*, 909 So.2d 721, 728 (Miss. 2005). However, "if evidence is introduced for a purpose other than to mitigate damages, the collateral source rule is not violated and the evidence may be admitted." *Geske v. Williamson*, 945 So.2d 429, ¶ 18 (Miss. Ct. App. 2006) (citing *Burr*, 909 So.2d at 729).

Though the defendants will not be permitted to reference collateral sources in order to attempt to mitigate the plaintiff's damages, they will be permitted to reference collateral sources in the event the plaintiff alleges a dire financial condition during trial.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) The plaintiff's motion *in limine* to exclude any reference to any collateral sources [242] is **GRANTED IN PART AND DENIED IN PART**; specifically,

(2) The motion is granted insofar as it seeks to exclude defendants' reference to collateral sources to mitigate the plaintiff's damages;

(3) The motion is denied insofar as the defendants will be permitted to reference collateral sources in the event the plaintiff alleges a dire financial condition.

**SO ORDERED** this the 8th day of July, A.D., 2009.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE