IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

MARTHA WILLIS, Individually, and
as Mother and Next Friend of
JALESSA WILLIS, a Minor,                                            PLAINTIFF,

VS.                                                  CIVIL ACTION NO. 2:07CV062-P-A

KIA MOTORS CORPORATION and
KIA MOTORS AMERICA, INC.,                                          DEFENDANTS.

## ORDER

This matter comes before the court upon the plaintiff's motion *in limine* to exclude any reference to Jalessa Willis' comparative fault, if any [254]. After due consideration of the motion and the response filed thereto, the court finds as follows, to-wit:

In her motion the plaintiff argues that with the Mississippi Supreme Court's adoption of the crashworthiness cause of action in *Toliver v. General Motors Corporation*, 482 So.2d 213 (Miss. 1985) came the rule adopted by other jurisdictions that a plaintiff's comparative fault cannot be considered. The plaintiff urges the court to adopt the position espoused in decisions by other jurisdictions, such as that in *Reed v. Chrysler Corp.*, 494 N.W.2d 224, 229 (Iowa 1992), that a plaintiff's comparative negligence has no bearing on a crashworthiness claim since the latter involves the allegation that the manufacturer defectively designed a vehicle that enhanced the plaintiff's injuries without regard to what caused the actual accident.

Having considered the parties' arguments, the court concludes that the Mississippi Supreme Court has not evinced agreement with the minority view represented by the *Reed* case but rather has endorsed the majority view that all alleged contributions to an injury in a crashworthiness claim should be considered by the jury.

1

In *Estate of Hunter v. General Motors Corporation*, 729 So.2d 1264 (Miss. 1999), a crashworthiness case, the Mississippi Supreme court noted specifically that the view expressed in *Reed* was the minority view. *Id*. at 1271 ("The *Reed* decision represents the clear minority view on this issue.") The Court cited with approval Hildy Bowbeer and Bard D. Borkon, *Recent Developments in Crashworthiness Litigation*, 450 FLI/Lit 9, 27 (1992) for the proposition that "the modern trend rejects this piecemeal approach, focusing the inquiry on the product design as an integrated whole and considering all the factors which contribute to the event which causes the injury." *Hunter*, 729 So.2d at 1271.

Although the comparative negligence issue in *Hunter* arose in the context of deciding whether a settling defendant's comparative negligence should be considered in crashworthiness claims, the principles expressed by the Court apply equally here. In its discussion of Miss. Code Ann. § 85-5-7(7), promulgated after the decision in *Toliver* and providing that "[i]n actions involving joint tort-feasors, the trier of fact shall determine the percentage of fault for each party alleged to be at fault," the Court observed that "the policy considerations underlying the comparative fault doctrine would best be served by the jury's consideration of the negligence of **all participants** to a particular incident which gives rise to a lawsuit." *Hunter*, 729 So.2d at 1273 (emphasis added). In further regard to § 85-5-7(7), the Court wrote:

> [Section] 85-5-7(7) provides that the trier of fact should allocate fault to each party 'alleged to be at fault.' There is no indication that the Legislature intended to reserve for plaintiffs the sole and exclusive right to make allegations of fault before a jury and to deprive defendants of the opportunity to persuade a jury that fault for a given accident lies elsewhere. This State's system of civil justice is based upon the premise that all parties to a lawsuit should be given an opportunity to present their versions of a case to a jury, and the interpretation of § 85-5-7 urged by the plaintiff would seriously infringe upon a defendant's rights in this regard in many cases.

*Hunter*, 729 So.2d at 1273-74.

Accordingly, although the situation in *Hunter* did not specifically involve a defendant's defense to a crashworthiness claim that the plaintiff driver was at fault, the conclusions reached and the policy considerations articulated in the decision lead this court to conclude in its *Erie* guess that the Mississippi Supreme Court would hold that the defendants in this action have the right to present a comparative negligence defense regarding the plaintiff driver's alleged actions or inactions.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the plaintiff's motion *in limine* to exclude any reference to Jalessa Willis' comparative fault, if any [254] is **DENIED**.

**SO ORDERED** this the 14th day of July, A.D., 2009.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE