**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION**

MARTHA WILLIS, Individually, and
as Mother and Next Friend of
JALESSA WILLIS, a Minor,                                                                  PLAINTIFF,

VS.                                                                        CIVIL ACTION NO. 2:07CV062-P-A

KIA MOTORS CORPORATION and
KIA MOTORS AMERICA, INC.,                                            DEFENDANTS.

**ORDER**

This matter comes before the court upon the defendant's motion *in limine* to exclude evidence of recall applicable to certain 1997 General Motors vehicles equipped with energy management loops [259]. After due consideration of the motion and the responses filed thereto, the court finds as follows, to-wit:

The defendants point to a recall issued in 2003 applicable to three 1997 General Motors vehicles on the basis of a finding that "If the energy-absorbing loop fully deploys in a severe multiple rollover event, it is possible that a belted driver may experience partial or even complete ejection from the vehicle." The defendants move to exclude such evidence as irrelevant or unfairly prejudicial because the recall involved a different manufacturer, different vehicles, and a different EA loop mechanism than that contained in the subject 2001 Kia Sportage.

The plaintiff counters that the focus should be on the loop and not on the mechanisms of the seatbelt. She also states that her expert, Dr. Craig Good, is expected to testify that the threshold for deployment of the GM loop was higher than that for the Kia loop and that therefore, since the GM loop was defective, the Kia loop would also be defective given its deployment threshold was less. The defendants are correct, however, that the deposition testimony of Dr. Good cited by the plaintiff

demonstrates that Dr. Good stated that he did not know the deployment threshold for the GM loop. *See* Good Deposition at p. 136.

In any event, the recall is relevant since it would have put Kia on notice that there was a potential problem with the EA loops in the subject vehicle line. In other words, the recall is evidence that has a tendency to make the existence of the fact issue of notice more probable than without the evidence. The court is not convinced that admission of the evidence would be unfairly prejudicial since the defendants are free to distinguish the recalled GM EA loops during their experts' testimony, cross-examination, and closing argument. Thus, the court concludes that this matter goes to weight and not admissibility. This ruling assumes, however, that the plaintiff can establish that the defendants were charged with the duty of taking notice of such a recall.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the defendant's motion *in limine* to exclude evidence of recall applicable to certain 1997 General Motors vehicles equipped with energy management loops [259] is **DENIED**.

**SO ORDERED** this the 27th day of July, A.D., 2009.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE