IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

MARTHA WILLIS, Individually, and
as Mother and Next Friend of
JALESSA WILLIS, a Minor,                                              PLAINTIFF,

VS.                                              CIVIL ACTION NO. 2:07CV062-P-A

KIA MOTORS CORPORATION and
KIA MOTORS AMERICA, INC.,                                             DEFENDANTS.

## ORDER

This matter comes before the court upon the defendants' motion to exclude any evidence of other incidents, claims, and lawsuits [257]. After due consideration of the motion and the responses filed thereto, the court finds as follows, to-wit:

With regard to the admissibility of other incidents in a products liability action, "the 'substantial similarity' requirement for admissibility is relaxed when evidence of other accidents is offered solely to show notice." *Johnson v. Ford Motor Co.*, 988 F.2d 573, 580 (5th Cir. 1993) (citing *Jackson v. Firestone Tire & Rubber Co.*, 788 F.2d 1070, 1083 (5th Cir. 1986)). In *Johnson*, the Fifth Circuit went on to say: "However, even when it is offered solely to show notice, the proponent of such evidence must establish reasonable similarity." *Id.* at 580 (citing *Mills v. Beech Aircraft Corp., Inc.*, 886 F.2d 758, 762 (5th Cir. 1989)).

In the instant motion, the defendants seek to prevent the plaintiff from introducing evidence of (1) eight incidents reported in customer assistance records; (2) ten complaints filed in other lawsuits ; (3) an "OSI" (Other Similar Incidents) package produced by plaintiff expert Dr. Burton; (4) seven lists produced by Dr. Burton regarding rollover cases in which he has been involved; and (5) eight GM and Ford accidents produced by plaintiff expert Andrew Gilberg.

1

Thus, only "reasonably similar" incidents will be admissible for the purposes of establishing notice.

The customer incident reports that appear "reasonably similar" include the following.

First, the incident in Huntington Station, New York, designated as Bates # KMA-Willis 0712 to 0748, is reasonably similar regarding the door latch only because, even though a rollover was not involved, the passenger door was specifically alleged to have been locked but came open when it was hit by another car. Thus, such a complaint is relevant to notice since it provided the defendants with a potential problem with the door latch engaging upon being stricken by a certain amount of force.

Second, the incident in Texas involving the 1997 Sportage, designated as Bates # KMA-Willis-0720 is reasonably similar to have provided notice of a potential problem regarding the door latch and the seatbelt. In this incident, the customer stated in pertinent part that the "seat belt broke and her mother was thrown from the vehicle and the vehicle rolled over her." This situation is reasonably similar because it involved a rollover, and one can reasonably deduce that the customer alleged that her mother was ejected from the vehicle (and was killed) despite wearing a seatbelt and despite the door being closed. Thus, this incident is relevant to notice regarding the door latch and seat belt.

Third, the incident in Dallas, Texas, Bates # KMA-Willis-0728 to 0731, involving an 2000 2-door Sportage is reasonably similar because a rollover was involved and the "son was thrown from the vehicle." One can reasonably deduce that the door came open given the son was ejected from the vehicle. Though this incident is relevant as to notice of a potential door latch problem, it is not relevant to the seat belt issue since this incident does not reasonably suggest that there was a similar

seatbelt malfunction. Rather, the incident report only references that the customer has ordered, but had not yet received, a seat belt retractor. There is no intimation that an EA loop was involved.

Fourth, the incident in Memphis, Tennessee, Bates # KMA-Willis 0718 to 0742, is reasonably similar with regard to the door latch because the customer alleged that the 1997 Sportage was hit at the rear passenger door which came open and the passenger was "thrown out of the Kia." This incident is not relevant as to the seat belt since it is admitted in the report that the passengers were not wearing seat belts.

Fifth, the incident in Georgia, Bates # KMA-Willis 0721 to 0762, is reasonably similar regarding the seatbelt since it involved a rollover and the belt was alleged to have "come undone." It could be reasonably deduced that a report that the belt came "undone" during a rollover gave notice of a potential problem with the belt during rollover accidents. This incident is irrelevant to the issue of notice of a potential problem with the door latch.

The court is aware that these five incidences are not conclusively established to be substantially similar to the subject claims. Given the nature of the reports being customer complaint recorded by the defendants, there is an inherent lack of specificity. However, as explained above, the issue at hand is whether the incidents were "reasonably similar" enough to have provided the defendants notice of a potential problem with the Sportage's door latch and seat belt. Furthermore, the court concludes that the customer complaints are not hearsay because they are not being used to prove the truth of the matter asserted (*i.e.*, that the incidents actually happened the way they were reported), but rather they are being offered for notice of a potential problem with the Sportage's door latch and/or seatbelt. In any event, the customer complaints would fall under the business records exception pursuant to Fed. R. Evid. 803(6).

The court concludes that the remaining three customer complaints are not reasonably similar and will therefore be excluded as irrelevant.

The incident in Ohio, Bates # KMA-Willis 0714 to 0715, did not involve a rollover. It cannot be reasonably deduced from the statement that the "seatbelt didn't catch" implicates deployment of the EA loop. Furthermore, there is insufficient information regarding why the door opened and the mechanics of the crash.

The incident in Iowa, Bates # KMA-Willis 0716 to 0745, did not involve a rollover, nor did it involve an allegation that the seatbelt malfunctioned. Though the complaint alleged that the "door flung open and the vehicle went on its side," there is insufficient information regarding the details of what caused the door to come open – as opposed to the Huntington Station, New York incident where it was alleged that the opened door was struck by a car.

The incident in New York, Bates # KMA-Willis 0732 to 0767, involving a 1998 Sportage, is not reasonably similar because the deceased driver was not ejected and the claim that the "seatbelt did not work" is too vague. Furthermore, the report alleged that the driver's insurance company determined that "the seat belt was not faulty."

Regarding the lawsuits, the plaintiff concedes that she will not attempt to introduce evidence of five of the ten lawsuits: the *Corley*, *Holloway*, *Hoogenboom*, *Walsh*, and *Flis* complaints. Accordingly, those will be excluded. The defendants argue that with regard to the remaining five, all but the *Cintron* case were filed after the subject vehicle was manufactured on September 1, 2000 or purchased by the original owners on February 21, 2001. However, the defendants cite no authority that limits notice to such dates rather than the date of the accident, which in this case was March 23, 2006. In theory, using the date of the accident could have allowed time for a recall. The

4

defendants cite *Palmer v. Volkswagen*, 905 So.2d 564, 601 (Miss. Ct. App. 2003) for the proposition that since there is no post-sale duty to warn of a defect in Mississippi, the plaintiff in this action should not be allowed to use the customer complaints and lawsuits as evidence for notice. However, this statement of law regards the specific inadequate warnings claim under the MPLA, not the issue of whether there was notice to support the plaintiff's punitive damages claim and/or her negligent failure to warn claim. *See Watson Quality Ford, Inc. v. Casanova*, 999 So.2d 830, 833 (Miss. 2008) ("Defendants argue that [the plaintiff's] exclusive remedy is to bring an action under the Mississippi Products Liability Act ("MPLA"). We disagree. We find no statutory requirement that makes the MPLA the exclusive remedy for claims of malfunctioning automobiles."); *Childs v. General Motors Corp.*, 73 F.Supp.2d 669 (N.D. Miss. 1999).

The court concludes that the only remaining lawsuits that are "reasonably similar" to the subject claims and therefore relevant to the issue of notice are the *Blackstock*, *Hill*, and *Woodbury* complaints. The *Blackstock* complaint alleges a rollover, and a defective door latch. Thus, this is relevant as to notice of a potential problem with the door latch, but not the seatbelt. The *Hill* complaint involved a rollover and alleged a defective door latch, but not a seatbelt. The *Woodbury* complaint involved a rollover, and alleged a defective door latch, but not a seatbelt.

The *Ingraham* complaint is not reasonably similar because it alleges that the seatbelt was defective because the fabric "completely shredded and totally severed from the lock." This does not involve an allegation of the deployment of an EA loop. If it turned out in the course of the lawsuit that the EA loop was involved, the plaintiff did not demonstrate evidence of this in response to the instant motion *in limine* and therefore it should be excluded.

The *Cintron* complaint is not reasonably similar because there is no specific allegation that

5

there was an ejection, that the seatbelt's EA loop deployed, or that there was a defective door latch. With regard to the plaintiff's allegation that the case did involve these attributes, the plaintiff did not offer evidence of this in her brief in response to the instant motion *in limine*. Since this was the time to show such evidence, and it was not done, the *Cintron* complaint should be excluded as irrelevant.

The court also concludes that the admissible lawsuit complaints are not hearsay because they are not being offered to prove that the matters alleged therein actually happened, but rather for notice. In any event, since the Kia defendants were also defendants in those actions, they are in a position to verify the veracity of the statements.

Regarding the other similar incidents package and seven lists regarding rollover cases in which he has been involved produced by plaintiff expert Dr. Burton, as well as the eight GM and Ford accidents produced by plaintiff expert Andrew Gilberg, such evidence may not be offered to establish notice. However, this is not to say that such information would not be relevant to establish background information during the plaintiff experts' testimony – *e.g.*, basis of experience and benchmark data used to contribute to opinions. The defendants are free to distinguish the incidents in these materials during cross examination and closing argument.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the defendants' motion to exclude any evidence of other incidents, claims, and lawsuits [257] is **GRANTED IN PART AND DENIED IN PART** as explained above.

**SO ORDERED** this the 29th day of July, A.D., 2009.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE