# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

MARTHA WILLIS, Individually, and
as Mother and Next Friend of
JALESSA WILLIS, a Minor,                                          PLAINTIFF,

VS.                                              CIVIL ACTION NO. 2:07CV062-P-A

KIA MOTORS CORPORATION and
KIA MOTORS AMERICA, INC.,                                         DEFENDANTS.

## ORDER

This matter comes before the court upon the defendants' Motion to Reconsider Court's July

28, 2009 Ruling on Motion *in Limine* Regarding Recall Evidence [314]. After due consideration of

the motion and the responses filed thereto, the court finds as follows, to-wit:

Since the Pretrial Order, which amends all pleadings, does not reveal that the plaintiff is

pursuing a negligent warning claim, and since she has not disputed the defendants' statement in their

brief that the plaintiff has abandoned such a claim, the court concludes that its July 28, 2009 Order

[310] allowing evidence of the 2003 General Motors recall on their EA loops should be vacated.

However, the court disagrees with the defendants' assertion that admitting evidence of notice

of a post-sale recall from another automobile manufacturer is a clear error of law. As discussed in

its July 29, 2009 Order [313] granting in part and denying in part the defendants' motion *in limine*

regarding other incidents, the decisions in *Palmer v. Volkswagen*, 905 So.2d 564, 601 (Miss. Ct.

App. 2003) and *Austin v. Will-Burt*, 361 F.3d 862, 870 (5th Cir. 2004), which predate that in *Watson*

*Quality Ford, Inc. v. Casanova*, 999 So.2d 830 (Miss. 2008), confine their post-sale duty rulings to

claims made specifically under the MPLA. Since the Mississippi Supreme Court in *Casanova* ruled

that the MPLA is not the exclusive remedy to seek damages from a manufacturer, a negligent failure

1

to warn claim would, in theory, be available. However, as concluded above, the plaintiff has clearly abandoned such a claim and Kia's notice – assuming a plaintiff could establish that Kia had the duty to take such notice – of another major manufacturer's problems with its EA loops is therefore irrelevant, and if not, unfairly prejudicial.

Upon further reflection, the court agrees that it would be unfairly prejudicial in this case to allow "notice" evidence of the 2003 GM recall to support a punitive damages claim.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) The court's July 28, 2009 Order [310] denying the defendant's motion *in limine* to exclude evidence of recall applicable to certain 1997 General Motors vehicles with energy management loops is **VACATED**; accordingly,

(2) The defendant's motion *in limine* to exclude evidence of recall applicable to certain 1997 General Motors vehicles equipped with energy management loops [259] is **GRANTED**.

**SO ORDERED** this the 12th day of August, A.D., 2009.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE